JOHN D. PAHLMAN, Ex'r of A. Rossiter, dec'd, HENRY L. RUCKER and JAMES CAMPBELL, Guardians of Minor Heirs of A. Rossiter, and MARTHA A. ROSSITER, Widow, Plaintiffs in Error, *v.* HORATIO G. SHUMWAY, MILLER & DAVIS, JOHN B. KING, E. BLACKMAN, Adm'r, and H. H. MAGIE, Survivor of High & Magie, H. STEVENS, Adm'r of F. M. Kerwin, Defendants in Error.

ERROR TO SUPERIOR COURT OF THE CITY OF CHICAGO.

Judgments are liens upon the residuary interest of a party who executes a deed in trust, to secure a creditor; but to make the liens available, they should be enforced against the trust property by a levy and sale, subject to the incumbrance of the trust deed.

A sale of the trust property under the trust deed, cuts off the liens created by the judgments. If the grantor under the trust deed, is deceased, any surplus arising out of the sale, after satisfying the debt secured by the trust, will be distributed under the Statute of Wills.

THIS bill charges that Asher Rossiter and wife made a deed of trust to Shumway, on 12th March, 1857, to secure certain

indebtedness and the performance of certain covenants, on lands in School Section Addition to Chicago. The indebtedness was on eight notes, dated 12th March, 1857, each for $2,000, due in twelve months, with interest, and certain taxes and liens were also secured by same deed. It was duly recorded and is made exhibit.

That default being made, on application of Bacon Wheeler, the owner of the indebtedness, on or about 14th March, 1859, Shumway caused the premises to be advertised, according to the provisions of the deed of trust, and on the 25th March, 1859, he sold the same according to the power in said deed, at public auction, for the sum of $30,000 cash.

That out of proceeds he paid the indebtedness, amounting to the sum of $18,591.47, and after deducting costs, expenses and commissions, now holds the balance subject to the direction of the court, and he prays that the court will direct how the surplus shall be applied.

That the purchasers were induced to pay that sum for the property by the understanding and agreement of the executor of said Rossiter, that he would, as executor, also make a deed for the estate to the purchaser at said sale, and without which the land would have been sold at a great sacrifice, and that said deed is now ready for delivery upon payment being made to him of the said surplus now in Shumway's hands.

That after said sale, the executor transferred all his right and interest in the surplus to Henry L. Rucker, who now claims the same, or as much as the estate is entitled to receive, after deducting costs, etc., and subject to the claim of James Campbell, under the following state of facts, viz.:

That at the maturity of the notes, Wheeler applied to Shumway for a sale. James Campbell, being the guardian of two of the infant children of said Rossiter, entered into an agreement with said Wheeler to pay, and did pay out of his own private moneys the interest, amounting to $2,000, in order to stay the sale, and which was so stayed for one year thereby; said payment being indorsed on said notes, in full of interest up to 12th March, 1859, and Campbell now claims to be subrogated to Wheeler's rights, to have the same refunded.

That Rossiter died about 25th February, 1858, leaving a widow and three children, heirs-at-law; all of whom claim to have some right to the surplus in Shumway's hands.

That Rossiter made his will, and Pahlman is the sole qualified acting executor, and said executor and his assignee claim said surplus.

That Edwin Blackman, in his own right, and as executor of John High, Jr., H. H. Magie, survivor of said High, Jno. B.

King, Buckner S. Morris, John F. Miller and Gilbert F. Davis, Henry Stevens, administrator of F. M. Kerwin, Geo. Scoville, John D. Pahlman, Geo. C. Smith, John E. Smith, Francis A. McIntyre, assignee of Rossiter, and Pahlman and Smith, all have a claim to have a lien upon, or some other interest in, the surplus, and all which are undetermined.

That said Shumway is and always has been ready to pay over said surplus, after deducting costs, etc., to such persons as may be legally entitled.

Prays that persons before named be made defendants, answer, etc., and that an order be made for the distribution of the surplus, etc.

The trust deed is set out, and is in usual form, with power of sale under notice.

Notes and advances, and interest and expenses, set forth, showing balance due, of $18,591.47.

Miller and Davis, by their answer, admit trust deed, that a default was made and sale of premises for $30,000, and the payment of the secured indebtedness. Also that balance remains as alleged. Do not know whether Pahlman assigned, or whether H. L. Rucker now claims the surplus, nor whether Campbell paid said Wheeler, or whether he extended the time of sale.

They deny that Pahlman had any right to assign the overplus, and that Rucker or Campbell has any right to the same. They say that at November term, 1857, they recovered a judgment against said Pahlman, Geo. C. Smith, J. E. Smith, and said Asher Rossiter in his lifetime, for $1,037.18, and that on 5th April, 1858, they sued out an execution, directed to the sheriff of Cook county, and delivered to him, and in July it was returned unsatisfied; that same judgment remains unpaid and in full force.

They insist that, by that judgment, they acquired a lien on the premises in the deed of trust, subject to the indebtedness in the deed of trust, and now have an equitable lien on the surplus in the hands of said Shumway, to the amount of their judgment, and that it is prior and better than the claims of Pahlman, Rucker and Campbell.

The others, by their answers, admit substantially all the facts admitted in the foregoing answers, and set up their judgments and insist upon their liens.

The answers of Pahlman, executor, M. A. Rossiter and James Campbell, admit substantially as in above answer first made, and they insist that Pahlman agreed to execute a conveyance as executor, upon the express condition that the surplus should be paid over to him to pay debts; that he did assign the

same to H. L. Rucker in writing, made an exhibit, authorizing him, as attorney, to receive the same for him, as executor, after deducting his reasonable fees due for services rendered the estate.

Campbell says he was and is guardian of the minor heirs of said Rossiter, and was, at the maturing of the notes, secured by the deed of trust, and to prevent a sale and sacrifice of the premises, and to gain time until the premises would sell better, he, as guardian, entered into an arrangement with Wheeler to pay up all interests to March, 1859, and did pay Wheeler $2,300, and procured an extension accordingly.

Pahlman, executor, claims that he and H. L. Rucker, or either of them, were justly entitled to the surplus in the hands of said Shumway, after deducting the expense of said sale and the amount due said Campbell, and said Rucker is entitled to receive said surplus under said assignment.

They wholly deny that there was any occasion for filing this bill, and ask to have their answers taken regarded as a demurrer, and disclaim any admission thereby.

The decree of the Superior Court awards that said Shumway, out of the surplus, pay as follows:

First, to himself, two per cent. of $30,000, is $600.

Second, for service and summons, etc., $29.70.

Third, the several amounts claimed by judgment creditors or their assigns, mentioned in their several answers.

The case was heard upon bill, answers, replications, disclaimers, and deposition of B. S. Morris, and following agreed state of facts, namely:

Deed of trust as set forth in bill.

The following judgments:

| | |
|---|---|
| F. M. Kerwin, November 5th, 1857 | $1,214.25 |
| Miller & Davis, November 19th, 1857 | 1,047.73 |
| H. H. Magie, November 19th, 1857 | 1,219.86 |
| J. B. King, November 24th, 1857 | 1,219.20 |
| E. Blackman, January 11th, 1858 | 1,029.55 |
| E. Blackman, January 11th, 1858 | 1,009.63 |
| | $6,740.22 |

That executions were issued and left with sheriff for service in all said judgments.

That said execution of Kerwin was levied on these premises and they were sold by the sheriff, on 25th February, 1858, for $10.50. That the judgments all remain unpaid, except the said $10.50 so made on Kerwin's.

That on Nov. 7, 1857, Rossiter conveyed said premises by warranty, to B. S. Morris, without consideration paid, or knowledge of Morris.

That Morris conveyed said premises to Pahlman, as executor.

That Rossiter died, leaving, as heirs, the parties mentioned in said bill; that he left a will, which was duly proven, and J. D. Pahlman is the sole qualified acting executor.

That James Campbell is the legal guardian of the infant heirs, and that, at Pahlman's request, at the maturity of said notes under the trust deed, and for the purpose of preventing a sale and sacrifice of said premises, he, Campbell, entered into an arrangement with Wheeler, by which, as his own voluntary act, without any order of any court, and without taking any assignment to subrogate himself as owner or assignee of any part of the claim, he paid one year's interest on said notes, and other charges, amounting to $2,300, by which the time of payment on said notes was extended one year, until March 12, 1859.

That on February 14th, 1859, the premises were redeemed from the sale under Kerwin's execution, by Pahlman, as executor.

That on the 25th March, 1859, Shumway sold the premises under the deed of trust, as set forth in the bill, for $30,000.

That the surplus, after paying Wheeler, etc., was assigned, the same day of the sale, to H. L. Rucker, who made a demand upon Shumway for it; but he, having been previously notified by John B. King, one of the judgment creditors, not to pay over the surplus, and knowing from the records of the court of Cook county, that there were other judgments similarly situated, refused so to do, and thereupon filed said bill for the purpose of having the rights of the parties adjudicated.

That the estate of Asher Rossiter is insolvent.

Pahlman, Campbell, Martha A. Rossiter, and H. L. Rucker, caused this writ of error to be issued.

SCATES, McALLISTER & JEWETT, for Plaintiffs in Error.

MATHER, TAFT & KING, for Defendants in Error.

BREESE, J. The first question presented by this record is, were the judgments against Rossiter, liens upon the equity of redemption, or residuary interest which he had in the land conveyed in trust, or upon the right he had to the surplus of the purchase money, after the payment of the debt secured by the deed of trust? If they were such liens, then the court very properly appropriated the surplus to their satisfaction. If they were not such liens, then the surplus should have been decreed to the executors of Rossiter, to be distributed among his creditors generally, under the one hundred and fifteenth section of the statute of " Wills."

Our conclusion is, that these judgments were liens upon the

residuary interest of Rossiter in the land. They were a lien on the land, subject to the incumbrance of the trust deed. But to make the lien available, it should have been enforced against the land by a levy and sale, subject to the incumbrance. This the judgment creditors did not do, but suffered the land to be sold to satisfy the incumbrance, which effectually cut off the liens. The incumbrance being prior in time, a sale to satisfy it had the effect to convert the land into money, upon which the judgments were not a lien, and therefore entitled to no priority of payment.

By suffering the title of the land to pass, by the sale under the deed of trust, and thus cutting out these liens, the statute of Wills comes in and distributes the surplus money to the general creditors, judgments not attaching as liens by any statute in force here, to such surplus. Those moneys should be paid over to the executor of Rossiter, and paid out by him, in pursuance of section 115, chap. 90, (Scates' Comp. 1206).

The trustee, defendant in error here, will be discharged from all responsibility, by paying over the surplus in his hands to the executor of Rossiter, in accordance with this opinion.

The decree of the court below is reversed, and a decree entered by this court, that the surplus in the hands of Shumway be paid over to the executor of Rossiter, as herein directed.

*Decree reversed.*